UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES WARD, | : | PRISONER |
| | : | CASE NO.  3:09CV1113 (CSH) |
| *Petitioner* | : | |
| | : | |
| V. | : | |
| | : | |
| BRIAN K. MURPHY, ACTING | : | |
| COMMISSIONER OF CORRECTION, | : | NOVEMBER 23, 2009 |
| *Respondent* | : | |

## RESPONDENT'S MOTION TO DISMISS

Now comes the respondent and moves to dismiss the petition for writ of habeas corpus filed in the above-captioned proceeding.  The respondent's motion is brought on the grounds that (1) the petitioner asks this Court to interfere with an on-going state criminal proceeding in violation of the abstention doctrine of Younger v. Harris, (2) the claim has not been exhausted in the state courts of Connecticut, and (3) a violation of the speedy trial provisions of the Interstate Agreement on Detainers will not result in habeas relief unless it is shown to constitute a "fundamental defect" which inherently results in a complete miscarriage of justice.  Additional details and arguments may be found in the respondent's memorandum of law which accompanies this motion.  That memorandum is filed pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut.

I.   PROCEDURAL HISTORY

A warrant for the petitioner's arrest issued on February 2, 2007 and was executed upon the petitioner on August 17, 2007.  At the same time, the Massachusetts sentence pursuant to which the petitioner was incarcerated expired.  Connecticut extradited the

petitioner. Subsequently, the petitioner was tried on charges of kidnapping in the first degree in violation of Connecticut General Statutes § 53a-92 and sexual assault in the first degree in violation of § 53a-70 in the matter of State v. James Ward, Docket No. CR07-0132918-T, Superior Court in the judicial district of Windham. He was convicted on both charges on October 7, 2009. The sentencing proceeding currently is scheduled for December 4, 2009.

Meanwhile, on July 14, 2009, the petitioner initiated the instant action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254.

## II.   ARGUMENT

In his petition [Doc. # 1], the petitioner raises a single claim for relief. Specifically, he claims that his speedy trial rights under Article III of the Interstate Agreement on Detainers (IAD) have been violated. As more fully discussed in the accompanying memorandum, the petitioner is not entitled to relief because (1) he improperly asks this Court to interfere with an on-going state criminal proceeding in violation of the abstention doctrine of Younger v. Harris, (2) his claim has not been exhausted in the state courts of Connecticut, and (3) the alleged violation of the speedy trial provisions of the Interstate Agreement on Detainers (IAD) does not constitute a "fundamental defect" resulting in a complete miscarriage of justice. Thus, his petition must be dismissed.

**III.    CONCLUSION**

For the reasons set forth, above, and in the accompanying memorandum of law, this Court should dismiss the petition filed in this habeas corpus action.

        Respectfully submitted,

        RESPONDENT-BRIAN K. MURPHY

By:    /s/
        JO ANNE SULIK
        Senior Assistant State's Attorney
        Civil Litigation Bureau
        Office of the Chief State's Attorney
        300 Corporate Place
        Rocky Hill, Connecticut 06067
        (860) 258-5887
        (860) 258-5968 (fax)
        E-mail: JoAnne.Sulik@po.state.ct.us
        Fed. Bar. No. ct 15122

## **CERTIFICATION**

    I hereby certify that a copy of this document was mailed to James Ward, Inmate No. 352819, Corrigan Correctional Institution, 986 Norwich-New London Turnpike, Uncasville, Connecticut 06382, on November 23, 2009.

                                    /s/
                                  JO ANNE SULIK
                                  Senior Assistant State's Attorney