UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES WARD,<br><br>              Petitioner,<br>v.<br><br>BRIAN MURPHY, *Acting Commissioner of the Connecticut Department of Corrections*,<br><br>              Respondent. | PRISONER<br><br>3:09-CV-01113 (CSH) |

**ORDER AND NOTICE TO *PRO SE* LITIGANT**

Petitioner has brought this Petition for Writ of Habeas Corpus [doc. #1] acting *pro se*. Without filing an answer, Respondent moved this Court to dismiss the petition on November 24, 2009 [doc. # 8]. Such a motion is permitted under the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). *See* Habeas R. 4, advisory comm. note to 2004 amends. ("The amended rule reflects that the response to a habeas petition may be a motion."); Habeas R. 6, advisory comm. note to 2004 amends. (while Rule 6 "does not address the practice . . . where the respondent files a pre-answer motion to dismiss the petition," nevertheless "Rule 4 permits that practice"). Petitioner was required to respond to Respondent's motion on or before December 15, which he has failed to do.

However, petitioner in this case has not been explicitly advised of the consequences of failing to respond to a motion to dismiss, and those consequences can be severe. Local Rule 7(a)(1) provides, in pertinent part, that "*[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion*, except where the pleadings provide sufficient grounds to deny the motion." (emphasis added).

That is why Local Rule 12 provides for a specific form of notice to *pro se* litigants who face

a motion to dismiss in non-habeas civil cases. Although habeas corpus petitions are procedural horses of another color, the underlying instinct of fairness that motivates Local Rule 12 applies with equal force in the habeas context. *See Ruotolo v. Internal Revenue Service*, 28 F.3d 6, 8 (2d Cir. 1994) (district court has obligation to make certain that *pro se* litigants are aware of and understand the consequences of failing to comply with the Local Rules); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983) ("We believe that a party proceeding *pro se* is entitled to notice of the consequences of failing to respond to a motion to dismiss or for judgment on the pleadings which is being treated as a motion for summary judgment."). Furthermore, this Court is permitted to apply those rules to a habeas proceeding to the extent that they are not inconsistent. *See* Habeas R. 12.

Therefore, the Court provides the following notice to plaintiff. The text of this notice is adapted to the habeas context from the Notice to Pro Se Litigant that is required by Local Rule 12(a).

\* \* \*

**Notice to Pro Se Litigant Opposing Motion to Dismiss**

**The purpose of this notice is to notify you that the Respondent has filed a motion to dismiss asking the Court to dismiss all or some of your claims. The Respondent argues that there is no need to proceed with these claims because they are subject to dismissal for the reasons stated in the motion.**

**THE RESPONDENT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AND IF THE RESPONDENT'S MOTION SHOWS THAT THE RESPONDENT IS ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS.**

**The papers you file must show that (1) you disagree with the Respondent's arguments for dismissal, and (2) that the allegations of the petition are sufficient to allow this case to proceed. If you would like to amend your petition in order to respond to the alleged deficiencies in your petition asserted by the Respondent (*see generally* Federal Rule of Civil Procedure 15), you may promptly file a motion to amend your petition, but you must attach your proposed amended petition.**

It is very important that you read the Respondent's motion and memorandum of law to see if you agree or disagree with the Respondent's motion. It is also very important that you review the enclosed copy of Local Rule 7 carefully. You must file your opposition papers (and any motion to amend) with the Clerk of the Court and mail a copy to the Respondent's counsel within 45 days of this Order and Notice.  If you require additional time to respond to the motion to dismiss, you must file a motion for extension of time, providing the Court with good reasons for the extension and with the amount of additional time you require.

* * *

**PETITIONER SHOULD EXAMINE RESPONDENT'S MOTION CLOSELY. IF HE WISHES TO PUT ANY LEGAL OR FACTUAL ARGUMENTS BEFORE THE COURT, HE MUST DO SO IN A RESPONSIVE MEMORANDUM NO LATER THAN MAY 24, 2010.**

**PETITIONER IS FURTHER ADVISED THAT HIS FAILURE TO OPPOSE THIS MOTION MAY RESULT IN AN ADJUDICATION ON THE MERITS OF CERTAIN CLAIMS, AND THAT ADJUDICATION MAY PREVENT THE FILING OF SUBSEQUENT HABEAS CORPUS PETITIONS PURSUANT TO 28 U.S.C. § 2244(b)(1).**

**IF NO OPPOSITION IS FILED BY MAY 24, 2010, THE COURT WILL BE REQUIRED TO DECIDE THE MOTION SOLELY ON THE CONTENTS OF THE PETITION AND THE RESPONDENT'S MOTION TO DISMISS IT.  IF THE PETITION DOES NOT PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION, RESPONDENT'S MOTION MAY BE GRANTED, AND THIS CASE MAY BE DISMISSED WITH PREJUDICE.**

Dated: New Haven, Connecticut
April 9, 2010

      /s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge